# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  25-mj-4146 |
| Teodoso Gonzalez-Guzman ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  May 1, 2025  in the county of  Davidson  in the  Middle  District of  Tennessee , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Sections 1326(a) and 1326(b)(2) | Illegal Re-entry of a Removed Alien |
| Title 18, United States Code Section 2250(a) | Failure to Register as a Sex Offender |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Erik McGhee
*Complainant's signature*

Erik McGhee, DUSM
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date:  05/07/2025

*Judge's signature*

City and state:  Nashville, Tennessee    Hon. Alistair E. Newbern, U.S. Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Eric McGhee, Deputy with the United States Marshals Service, having been duly sworn, hereby depose and swear to the following:

1. I, Eric McGhee, am a commissioned federal law enforcement officer of the United States Marshals Service (USMS), within the meaning of 28 U.S.C. § 2501(7), and I am authorized by law to carry firearms, execute warrants, conduct investigations, and to make arrests for offenses against the United States of America.

2. I am a Criminal Investigator/Deputy U.S. Marshal of the USMS and have been since November 15, 2017. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia. As part of my training to become a Criminal Investigator/Deputy U.S. Marshal, I received approximately 19 weeks of instruction at the Federal Law Enforcement Training Center.

3. As part of that training, I received hundreds of hours of generalized and formalized instruction on conducting fugitive investigations and conducting investigations into violations of 18 U.S.C. § 2250 (Failure to Register as a Sex Offender). I am familiar with federal criminal laws, and I know that it is a violation of 18 U.S.C. § 2250 for a person, who is required to register as a sex offender, to travel in interstate or foreign commerce and then knowingly fail to register or knowingly fail to update their registration. During the course of my service as a Deputy U.S. Marshal, I have developed experience in, among other things, utilizing various law enforcement databases and resources to find and apprehend fugitives as well as individuals for whom an arrest warrant has been issued by a federal judge. While serving as a Criminal Investigator or Deputy U.S. Marshal I have, among other things, participated in fugitive investigations, including investigations relating to individuals who have violated 18 U.S.C. § 2250. In addition, I have received further training in Federal and Tennessee laws and investigative techniques relating to, fugitive investigations, electronic and physical surveillance, obtaining federal and state search warrants, and interviewing/interrogation techniques.

4. The facts contained in this affidavit are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses.

5. Additionally, I have worked with other federal agencies, including Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE), and ICE Enforcement Removal Operations (ERO). I am familiar with 8 U.S.C. §§ 1326(a) and 1326(b)(2), which make it unlawful for an individual convicted of an aggravated felony who has previously been deported from the United States to enter the United States without the inspection, admission, parole, or permission of the appropriate federal authorities.

6. This affidavit does not contain each and every detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest the defendant, TEODOSO GONZALEZ-GUZMAN, for violations of 18 U.S.C. § 2250 and 8 U.S.C. §§ 1326(a) and 1326(b)(2). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

7. On or about April 29, 2025, the USMS for the Middle District of Tennessee was contacted by law enforcement in the District of New Jersey – New York/New Jersey Regional Fugitive Task Force – Camden, about an individual named TEODOSO GONZALEZ-GUZMAN (the defendant) who was believed to have absconded from their jurisdiction.

8. On or about September 9, 2022, in the State of New Jersey, Camden County Criminal Court, the defendant pled guilty to Criminal Sexual Contact (N.J.S.A. 2C:14-3B). On or about October 7, 2022, the defendant was sentenced to time served for a total of 746 days with the New Jersey Department of Corrections (NJDOC). As a result of this conviction, the defendant is required to register as a sex offender.

9. On or about October 31, 2022, the defendant signed and initialed the State of New Jersey Megan's Law/Nicole's Law Acknowledgment of Duty to Register, Re-Register, and Verify Address form. The form that the defendant signed and initialed was in Spanish and explained the requirements of the sex offender registry.

10. The defendant's Criminal Sexual Contact conviction requires him to register as a sex offender in the State where he resides, pursuant to 34 U.S.C. § 20913. After the defendant's release from prison, he was required to register with and maintain compliance with the New Jersey State Police Sex Offender Registry. At no time has the defendant registered as a sex offender.

11. On or about October 1, 2021, the defendant was ordered removed from the United States by an Immigration Judge. Prior to his 2022 Criminal Sexual Contact conviction in New Jersey, the defendant had been removed three times from the United States by immigration authorities. On or about November 30, 2022, the defendant was removed from the United States to Mexico via Brownsville, Texas.

12. On or about March 27, 2025, law enforcement officers responded to an address in Lindenwold, New Jersey. Officers received confirmation that the defendant had been residing at the residence for approximately one year, after returning to the United States without authorization.

13. On or about March 27, 2025, an arrest warrant for the defendant was issued from Camden County, New Jersey, charging the defendant with violation of a court order and failure to register as a sex offender.

14. On or about May 1, 2025, the Middle Tennessee Joint Fugitive Task Force (MTTF) arrested the defendant on the outstanding warrant in Antioch, Tennessee. After the arrest, the defendant agreed to an interview and signed a waiver of rights form in Spanish.

15. During the interview, the defendant admitted to arriving in and residing in the Antioch, Tennessee area for about a month prior to his arrest. Additionally, the defendant also admitted he never registered as a sex offender in any jurisdiction. The law in Tennessee requires that a sex offender must register with the Tennessee Sex Offender Registry within 48 hours of residing, working, or attending school in Tennessee.

16. The defendant is an illegal alien to the United States and is a citizen of Mexico. The defendant has no authorization or permission to enter and remain in the United States. The defendant's Criminal Sexual Conduct conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) and (F).

17. Immigration records show that since the defendant's last removal in 2022, the defendant has not received express consent to reapply for admission into the United States from the United States Attorney General and/or the Secretary of Homeland Security. The defendant has entered and been found in the United States illegally and without authorization. The defendant has no pending applications with Citizenship and Immigration Services. Immigration records indicate the defendant is ineligible for any relief under the Immigration & Nationality Act, as amended.

18. Based on the foregoing, I submit that there is probable cause that the defendant has violated 18 U.S.C. § 2250 because he is required to register as a sex offender, resided in Tennessee, and failed to register in Tennessee as a sex offender as required. Additionally, there is probable cause that the defendant violated 8 U.S.C. §§ 1326(a) and 1326(b)(2). The defendant is illegally present in the United States and his removal was subsequent to a conviction for an aggravated felony. I respectfully request that an arrest warrant be issued for the defendant for these violations of federal law.